## STATE v. HARRY YATES.

### (Filed 1 May, 1935.)

**Automobiles F b—Evidence held insufficient to be submitted to jury in this prosecution of owner of car having smoke screen attachment.**

>    Evidence tending to show that defendant was the owner of an automobile, and had been seen in same prior to its capture, and that when the automobile was subsequently captured it was being driven by others and had attached thereto a mechanical device for the emission of excessive smoke or gas, *is held* insufficient to resist defendant's motion as of nonsuit under C. S., 4643, in a prosecution under N. C. Code, 4506 (b).

APPEAL by defendant from *Sink, J.,* at January Term, 1935, of IREDELL. Reversed.

The defendant Harry Yates was tried and convicted upon a bill of indictment charging him and two others with violating C. S., 4506 (b), which provides that "it shall be unlawful for any person . . . to drive, operate, equip, or be in possession of any automobile . . . containing, or in any manner provided with, a mechanical machine or devise designed, used, or capable of being used, for the purpose of discharging, creating, or causing, in any manner, to be discharged, or emitted either from itself or from the automobile . . . to which it is attached, any unusual amount of smoke, gas, or other substance not necessary to the actual propulsion, care, and keep of said vehicle, . . ."

From judgment pronounced upon the verdict, the defendant Yates appealed, assigning error.

*W. Vance Howard for defendant, appellant.*

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

SCHENCK, J. When the State had introduced its evidence and rested its case, the appellant moved to dismiss the action and for judgment of nonsuit. C. S., 4643. This motion was denied, and the appellant excepted. The appellant introduced no evidence, and made the basis for an exceptive assignment of error the denial of the court to grant his motion for judgment of nonsuit.

An examination of the evidence in this case forces us to the conclusion that the motion for a judgment as of nonsuit should have been sustained. The evidence most favorable to the State tends only to establish that the defendant was the owner of the automobile to which was attached at the time of its capture such a mechanical device as is prohibited by the statute, and that the defendant was seen in said automobile in Char-

lotte, Mecklenburg County, where he resided, some time after 1 January, 1935, and before 19 January, 1935. The capture of the automobile took place on 19 January, 1935, near Statesville, in Iredell County. There is no evidence tending to show that the defendant was in the automobile at the time it was captured, or even that the defendant was in Iredell County at that time. There is no evidence tending to show that the defendant had any connection with the occupants of the automobile at the time it was captured, or at any other time, or that the defendant ever knew said occupants, or had any intimation of the whereabouts of the automobile at the time of its capture. There is no evidence that the prohibited device was attached to the automobile at the time the defendant was seen therein in Mecklenburg County. Even if it be conceded that the evidence was sufficient to establish the defendant's ownership of the automobile to which the prohibited device was attached, and his one-time occupancy thereof in Mecklenburg County prior to its capture, such evidence was not sufficient to be submitted to the jury upon the issue of the defendant's guilt of either actually driving, operating, equipping, or being in possession of an automobile equipped with the prohibited device, or of aiding and abetting therein.

The judgment of the Superior Court is

Reversed.